Brady, J.
The prayer of the petition in this proceeding is that the trustee be ordered to pay to the petitioner the balance of the income of the estate unpaid and also that she be personally charged with the costs of this proceeding. As a part of the petition there appears to be a letter dated September 27, 1886, directed to the trustee signed by the petitioner in which it is said that fully two years had expired since any money for income was paid to the writer and that there was a large amount due.
The objection interposed by the trustee was in the nature of a plea in abatement, she alleging that at the commencement of this proceeding there were two others pending in the surrogate’s court for substantially the same cause. But it has not been made so clearly apparent as to justify the application of the rule if it may be applied herein that another ■proceeding is pending for the same cause and is a bar to this.
The statement by the trustee is that there are two proceedings, the first of which in order of time was commenced on or about the 10th of December, 1881, and which is still pending but has recently been decided by the surrogate and in reference to which a proposed decree has been served. It cannot be assumed in the absence of any evidence on the subject that that decree will embrace anything occurring subsequently to December 1881. She also alleges that the second proceeding was commenced on the 16th of February 1886, and an order made requiring her to file her account. But it appears that from that proceeding an appeal was taken. The petition states the receipt of income from September 1885 to September 1886, and for the months of September and October amounting to more than the sum which the surrogate in this proceeding directed should be paid and the proceeding therefore clearly relates to income accruing subsequently to the presentation of her last petition in February, 1886. There is much confusion in the *292 dates of these various elements in the papers and they have not been distinctly and clearly set forth even by the briefs. But nevertheless sufficient appears to satisfy the inquiring mind that there are factors which were not embraced within the proceeding commenced in February, 1886, even if that could be used as a reason why this proceeding should not be entertained.
If a party who is required to answer any asserted liability desires to rest upon a defense in the nature of a plea in abatement it is his duty to make the substance of the defense clearly apparent. This has not been done in this case. On the contrary, so far as the subject is eliminated from "the record there would seem to be no justifiable pretense for the interposition of such a plea.
The order should be affirmed, with ten dollars costs and disbursements.
Van Brunt, P. J., and Daniels, J., concur.